**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PAUL KUSCHER,              ) | |
|               ) | |
|      Plaintiff,      ) | Case No. 22-cv-2640 |
|               ) | |
| v.               ) | |
|               ) | |
| CME GROUP, INC., ALLYSON ZOLLER,   ) | **JURY TRIAL DEMANDED** |
| in her individual capacity, and DAN MANLEY, ) | |
| in his individual capacity,     ) | |
|               ) | |
|      Defendants.     ) | |

## COMPLAINT

NOW COMES Plaintiff, Paul Kuscher, by and through his counsel, Antonio L. Jeffrey of Jeffrey & Erwin, LLP, and complains of Defendants, CME Group, Inc., as a corporation and as an indemnitor, Allyson Zoller, in her individual capacity, and Dan Manley, in his individual capacity, and states as follows:

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## JURISDICTION & VENUE

1.     This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1 et seq., and 28 U.S.C. § 1331. This Court has jurisdiction of the state law IHRA claims pursuant to 28 U.S.C. § 1367 under the principles of supplemental jurisdiction, and such claims so relate to the federal claims as to form a part of the same case and controversy.

2.     Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, and terminated by Defendant in this District.

## PARTIES

3.     Plaintiff, PAUL KUSCHER ("Plaintiff"), was at all times relevant to this suit an adult Hispanic, Puerto-Rican male residing in Chicago, Illinois. At all times relevant, Plaintiff was employed by Defendant CME Group, Inc. in this District. Plaintiff was hired, employed, terminated, and harmed by Defendants in this District.

4.     Defendant, CME Group, Inc. ("Defendant CME GROUP"), is an Illinois Corporation duly organized and doing business in Illinois, with its primary office located at 20 S. Wacker Dr., Chicago, Illinois 60606. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq.* Defendant hired, employed, terminated, and harmed Plaintiff in this District.  Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII.

5.     Defendant, ALLYSON ZOLLER ("Defendant ZOLLER") is an employee of CME Group, Inc. holding the position of Compliance Senior Director, Information Technology, Chicago, Illinois. She is sued in her individual capacity. Defendant ZOLLER harmed Plaintiff in Cook County, Chicago, Illinois.

6.     Defendant, DAN MANLEY ("Defendant MANLEY") is an employee of CME Group, Inc. holding the position of Chief Information Security Officer, Chicago, Illinois. He is sued in his individual capacity. Defendant MANLEY harmed Plaintiff in Cook County, Chicago, Illinois.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.      On or about January 13, 2021, Plaintiff timely filed a Charge of Discrimination alleging race discrimination, national origin discrimination, sex discrimination, and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2021-01798.

8.      On March 30, 2022, the EEOC issued Plaintiff a Notice of Right to Sue.

9.      On April 8, 2022, Plaintiff received the EEOC Notice of Right to Sue by email.

10.     On April 11, 2022, Plaintiff requested a Notice of Right to Sue from the Illinois Department of Human Rights ("IDHR").

11.     On April 28, 2022, IDHR issued a Notice of Dismissal and Order of Closure. Plaintiff received the same by mail on May 3, 2022.

12.     Therefore, Plaintiff's Complaint is being filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## UNDERLYING FACTS COMMON TO ALL COUNTS

13.     Plaintiff's race is Hispanic.

14.     Plaintiff's National Origin is Hispanic/Puerto-Rican.

15.     Plaintiff's sex is Male.

16.     On November 9, 2015, Plaintiff was hired as a Manager of Compliance – IT by Defendant CME GROUP, located at 20 S. Wacker Dr., Chicago, Illinois 60606.

17.     Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendant's legitimate expectations until he was terminated on September 25, 2020.

18.     At all times relevant to this Complaint, Defendant ZOLLER was the Compliance Senior Director, Information Technology and Plaintiff's direct supervisor at CME Group, Inc.

19.     Plaintiff was the only Hispanic in IT management and a direct report of Defendant ZOLLER.

20.     Plaintiff was the only person of Puerto-Rican descent in IT management and a direct report of Defendant ZOLLER.

21.     Plaintiff was the only Male manager who reported to Defendant ZOLLER.

22.     In 2017, upon Defendant ZOLLER being hired by Defendant CME GROUP and becoming Plaintiff's immediate supervisor, Plaintiff immediately noticed the disparate treatment he received by Defendant ZOLLER in comparison to the other managers (White and Female).

23.     Defendant ZOLLER would make racially insensitive comments to Plaintiff, such as calling Plaintiff "tribal" on May 27, 2020.

24.     Further, Defendant ZOLLER constantly targeted Plaintiff, being dismissive and condescending, which she had not displayed to her White Female managers.

25.     Defendant ZOLLER also inundated Plaintiff with work, assigning Plaintiff the most goals and objectives among the managers, then consistently micromanaged and criticized Plaintiff. White Female managers were not treated this way by Defendant ZOLLER.

26.     Plaintiff made complaints about Defendant ZOLLER to the Chief Information Security Officer, Mr. Dan Manley (Defendant MANLEY). However, Mr. Manley failed to take appropriate action.

27.     Not only did Defendant MANLEY fail to report the subject incidents to Human Resources, as required by CME Group policy, he too began harassing Plaintiff once he learned of Plaintiff's intention to report the discriminatory acts by Defendants ZOLLER and MANLEY to human resources, including Defendant MANLEY calling Plaintiff into meetings to discuss alleged

4

issues of concern, writing Plaintiff up regarding unsubstantiated and unsupported allegations, and ultimately making the decision to terminate Plaintiff.

28.     In February 2020 and on July 7, 2020, Plaintiff reported the discrimination he experienced by Defendant ZOLLER to Defendant CME GROUP's Human Resources, exercising a protected activity.

29.     However, the disparate treatment and harassment increased and ultimately, in retaliation, Plaintiff was terminated on September 25, 2020.

30.     Therefore, because of Plaintiff's race, national origin, and sex, he was subjected to disparate treatment, discrimination, harassment, and ultimately terminated by Defendant CME GROUP.

31.     Further, because Plaintiff reported discrimination, exercising a right and protected activity, he was subjected to escalated disparate treatment, harassment, and ultimately termination on September 25, 2020.

### COUNT I – RACE DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq
(Defendants CME GROUP and ZOLLER)

32.     Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

33.     Plaintiff, as a Hispanic of Puerto-Rican descent, is a member of a protected class.

34.     Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendants' legitimate expectations.

35.     Plaintiff apprised Defendants of his race, Hispanic.

36.     Defendants discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and

discriminating against him for the same and would not have done so had Plaintiff not been Hispanic and everything else having been the same.

37.     White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendants accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendants.

38.     Plaintiff's race was a substantial and motivating factor in Defendants' decision to discriminate against Plaintiff. Defendants would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

39.     Defendants' discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, PAUL KUSCHER, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A.      Declare, decree, and adjudge that Defendants violated Title VII;

B.      Grant an injunction against Defendants from violating Title VII and to protect other employees from such violations;

C.      Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D.      Order Defendants to pay the Plaintiff compensatory damages;

E.      Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.      Award the Plaintiff his reasonable attorney's fees and costs; and

G.     Award such other and further relief as it is just and appropriate, including nominal

damages.

**COUNT II – NATIONAL ORIGIN DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**
**(Defendants CME GROUP and ZOLLER)**

40.     Plaintiff realleges and incorporates by reference and all facts and allegations in all

other paragraphs of Plaintiff's Complaint as if fully set forth herein.

41.     Plaintiff, as a Hispanic of Puerto-Rican descent, is a member of a protected class.

42.     Plaintiff was qualified to perform his job and satisfactorily performed his duties

and responsibilities within Defendants' legitimate expectations.

43.     Plaintiff apprised Defendants of his national origin, Hispanic/Puerto-Rican.

44.     Defendants discriminated against Plaintiff because of his national origin by

refusing to accommodate his desire of a safe and free non-discriminatory work place and for

harassing and discriminating against him for the same and would not have done so had Plaintiff

not been Hispanic/Puerto-Rican and everything else having been the same.

45.     White employees subjected to the same work environment, policies, procedures,

and guidelines as Plaintiff were not discriminated against as Defendants accommodated those

employees' safe and free non-discriminatory workplace rights. This unlawful discrimination

directly impacted Plaintiff's terms and conditions of employment with Defendants.

46.     Plaintiff's national origin was a substantial and motivating factor in Defendants'

decision to discriminate against Plaintiff. Defendants would not have discriminated against

Plaintiff absent consideration of Plaintiff's national origin.

47.     Defendants' discrimination constitutes unlawful discrimination in direct violation

of Title VII.

7

WHEREFORE, Plaintiff, PAUL KUSCHER, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A.    Declare, decree, and adjudge that Defendants violated Title VII;

B.    Grant an injunction against Defendants from violating Title VII and to protect other employees from such violations;

C.    Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D.    Order Defendants to pay the Plaintiff compensatory damages;

E.    Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.    Award the Plaintiff his reasonable attorney's fees and costs; and

G.    Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT III – SEX DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**
**(Defendants CME GROUP and ZOLLER)**

48.    Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

49.    Plaintiff, as a Male, is a member of a protected class.

50.    Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendants' legitimate expectations.

51.    Defendants were aware that Plaintiff is a Male.

52.    Defendants discriminated against Plaintiff because he is a Male by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and

discriminating against him for the same and would not have done so had Plaintiff been a Female and everything else having been the same.

53.     Female employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendants accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendants.

54.     Plaintiff's sex was a substantial and motivating factor in Defendants' decision to discriminate against Plaintiff. Defendants would not have discriminated against Plaintiff absent consideration of Plaintiff's sex.

55.     Defendants' discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, PAUL KUSCHER, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A.      Declare, decree, and adjudge that Defendants violated Title VII;

B.      Grant an injunction against Defendants from violating Title VII and to protect other employees from such violations;

C.      Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D.      Order Defendants to pay the Plaintiff compensatory damages;

E.      Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.      Award the Plaintiff his reasonable attorney's fees and costs; and

G.     Award such other and further relief as it is just and appropriate, including nominal

damages.

## COUNT IV
## WRONGFUL DISCHARGE BASED ON RACE, NATIONAL ORIGIN, AND SEX
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq
### (Defendants CME GROUP and ZOLLER)

56.     Plaintiff realleges and incorporates by reference and all facts and allegations in all

other paragraphs of Plaintiff's Complaint as if fully set forth herein.

57.     It is an unlawful employment practice for an employer to fail or refuse to hire or to

discharge any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

58.     Plaintiff, as a Hispanic male of Puerto-Rican descent, is a member of a protected

class under Title VII.

59.     Defendants knowingly and intentionally engaged in harassment of Plaintiff by

creating an intolerable, hostile work environment for Plaintiff; and ultimately terminated Plaintiff

on September 25, 2020, because he was a Hispanic male of Puerto-Rican descent.

60.     Defendants would not have discharged Plaintiff had he not been a Hispanic male

of Puerto-Rican descent. The discharge of Plaintiff directly impacted his terms and conditions of

employment with Defendants.

61.     Defendants' discharge of Plaintiff constitutes unlawful discrimination in direct

violation of Title VII.

62.     As a direct and proximate result of Defendants' unlawful and willful violations on

the basis of wrongful discharge, Plaintiff has suffered economic and non-economic damages,

including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

10

WHEREFORE, Plaintiff, PAUL KUSCHER, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A.      Declare, decree, and adjudge that Defendants violated Title VII;

B.      Grant an injunction against Defendants from violating Title VII and to protect other employees from such violations;

C.      Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D.      Order Defendant to pay the Plaintiff compensatory damages;

E.      Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.      Award the Plaintiff his reasonable attorney's fees and costs; and

G.      Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT V - RETALIATORY DISCHARGE
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq
### (Defendants CME GROUP, ZOLLER, and MANLEY)

63.      Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

64.      It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

65.      Plaintiff, as a Hispanic of Puerto-Rican descent, is a member of a protected class under Title VII.

11

66.     Plaintiff engaged in a Title VII protected activity by reporting discriminatory acts by Defendants.

67.     Defendants knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff; and ultimately terminated Plaintiff on September 25, 2020.

68.     Defendants' decision to discriminate against Plaintiff was solely motivated by the fact that he reported discrimination.

69.     Defendants would not have discharged Plaintiff had he not reported the discrimination. The discharge of Plaintiff directly impacted his terms and conditions of employment with Defendants.

70.     Defendants' retaliatory discharge of Plaintiff constitutes unlawful discrimination in direct violation of Title VII.

71.     As a direct and proximate result of Defendants' unlawful and willful violations on the basis of retaliatory discharge, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, PAUL KUSCHER, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A.     Declare, decree, and adjudge that Defendants violated Title VII;

B.     Grant an injunction against Defendants from violating Title VII and to protect other employees from such violations;

C.     Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D.      Order Defendants to pay the Plaintiff compensatory damages;

E.      Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.      Award the Plaintiff his reasonable attorney's fees and costs; and

G.      Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT VI – RACE DISCRIMINATION**
**ILLINOIS HUMAN RIGHTS ACT**
**(Defendants CME GROUP and ZOLLER)**

72.      Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

73.      The IHRA prohibits discrimination in employment on the basis of a person's race. The IHRA applies to prohibit against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

74.      It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

75.      The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her . . . race, color, et al. as those terms as defined in this Section. *Id*. at 5/2-102(Q).

76.      Plaintiff, as a Hispanic, is a member of a protected class.

77.     Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendants' legitimate expectations.

78.     Plaintiff apprised Defendants of his race, Hispanic.

79.     Defendants discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same and would not have done so had Plaintiff not been Hispanic and everything else having been the same.

80.     White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendants accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendants.

81.     Plaintiff's race was a substantial and motivating factor in Defendants' decision to discriminate against Plaintiff. Defendants would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

82.     Defendants' discrimination constitutes unlawful discrimination in direct violation of the IHRA.

WHEREFORE, Plaintiff, PAUL KUSCHER, respectfully requests that this Court enter judgment in his favor and against the Defendants as follows:

A.     Declare, decree, and adjudge that Defendants violated Illinois Human Rights Act;

B.     Grant an injunction against Defendants from violating Illinois Human Rights Act and to protect other employees of a different race from such Civil Rights violations;

C.     Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D.     Order the Defendants to pay the Plaintiff compensatory damages;

E.     Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.     Award the Plaintiff his reasonable attorney's fees and costs; and

G.     Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT VII – NATIONAL ORIGIN DISCRIMINATION
### ILLINOIS HUMAN RIGHTS ACT
#### (Defendants CME GROUP and ZOLLER)

83.     Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

84.     The IHRA prohibits discrimination in employment on the basis of a person's national origin. The IHRA applies to prohibit against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

85.     It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

15

86. The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her . . . race, color . . . national origin et al. as those terms as defined in this Section. *Id*. at 5/2-102(Q).

87. Plaintiff, as a Hispanic of Puerto-Rican descent, is a member of a protected class.

88. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendants' legitimate expectations.

89. Plaintiff apprised Defendants of his national origin, Hispanic/Puerto-Rican.

90. Defendants discriminated against Plaintiff because of his national origin by refusing to accommodate his desire of a safe and free non-discriminatory work place and for harassing and discriminating against him for the same and would not have done so had Plaintiff not been Hispanic/Puerto-Rican and everything else having been the same.

91. White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendants accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendants.

92. Plaintiff's national origin was a substantial and motivating factor in Defendants' decision to discriminate against Plaintiff. Defendants would not have discriminated against Plaintiff absent consideration of Plaintiff's national origin.

93. Defendants' discrimination constitutes unlawful discrimination in direct violation of the IHRA.

WHEREFORE, Plaintiff, PAUL KUSCHER, respectfully requests that this Court enter judgment in his favor and against the Defendants as follows:

A. Declare, decree, and adjudge that Defendants violated Illinois Human Rights Act;

16

B.       Grant an injunction against Defendants from violating Illinois Human Rights Act and to protect other employees of a different national origin from such Civil Rights violations;

C.       Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D.       Order the Defendants to pay the Plaintiff compensatory damages;

E.       Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.       Award the Plaintiff his reasonable attorney's fees and costs; and

G.       Award such other and further relief as it is just and appropriate, including nominal damages.

### COUNT VIII – RETALIATORY DISCHARGE
### ILLINOIS HUMAN RIGHTS ACT
### (Defendants CME GROUP, ZOLLER, and MANLEY)

94.       Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

95.       It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

96.       Plaintiff, as a Hispanic of Puerto-Rican descent, is a member of a protected class under the IHRA.

97.       Plaintiff engaged in a IHRA protected activity by reporting discriminatory acts by Defendant.

17

98.    Defendants knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff; and ultimately terminated Plaintiff on September 25, 2020.

99.    Defendants' decision to discriminate against Plaintiff was solely motivated by the fact that he reported discrimination.

100.    Defendants would not have discharged Plaintiff had he not reported the discrimination. The discharge of Plaintiff directly impacted his terms and conditions of employment with Defendants.

101.    Defendants' retaliatory discharge of Plaintiff constitutes unlawful discrimination in direct violation of the IHRA.

102.    As a direct and proximate result of Defendants' unlawful and willful violations on the basis of retaliatory discharge, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, PAUL KUSCHER, respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

A.    Declare, decree, and adjudge that Defendants violated the IHRA;

B.    Grant an injunction against Defendants from violating the IHRA and to protect other employees from such violations;

C.    Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D.    Order Defendants to pay the Plaintiff compensatory damages;

E.    Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.      Award the Plaintiff his reasonable attorney's fees and costs; and

G.      Award such other and further relief as it is just and appropriate, including nominal

damages.

Dated:  May 18, 2022


                                                     /s     Antonio L. Jeffrey
                                                           Attorney for Plaintiff


JEFFREY & ERWIN, LLP
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffrey-erwin.com